IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00747-ZLW

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

DEPTMENT [sic] OF CORRECTIONS, and
DENVER HEALTH HOSPITAL,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Frankie L. McConnell is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Denver Women's Correctional Facility. She filed *pro se* on July 22, 2010 a copy of the July 15, 2010 minute order entered in this case with the following response typed at the bottom:

> This Court has dismissed prisoner complaint twice now
> really not understanding why? Every things was done in a
> timable manner. The banking statements was sent with
> case manager approved.

Docket No. 12 at 1.

The Court must construe Ms. McConnell's filings liberally because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, Docket No. 12 will be construed liberally as a motion to reconsider, and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. McConnell's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on June 30. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action on May 10, 2010 for Ms. McConnell's failure, within thirty days, to cure a deficiency in the case by filing a certified copy of her trust fund account statement for the six-month period immediately preceding this filing that was obtained from the appropriate prison official. The reasons for the dismissal are stated in greater detail in the May 10 dismissal order.

After the dismissal of this action, Ms. McConnell submitted to the Court on May 27, 2010 a notarized copy of her trust fund account statement for the eight-month

period from September 1, 2009 to May 13, 2010. On July 12, 2010, she submitted to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a copy of her trust fund account statement for the six-month period from August 22, 2009 to February 22, 2010, which was certified by her case manager as of February 22, 2010. She also submitted an amended Prisoner Complaint. However, these attempts to cure the designated deficiency were made subsequent to the dismissal of this action. Therefore, they failed to cure the designated deficiency in a timely manner.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. McConnell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. McConnell fails to demonstrate the existence of an intervening change in controlling law or new evidence, and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Ms. McConnell is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Ms. McConnell wishes to pursue her claims, she may do so by filing a new action.

Accordingly, it is

ORDERED that document No. 12 that Plaintiff, Frankie L. McConnell, submitted to and filed *pro se* with the Court on July 22, 2010, and which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  17th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00747-ZLW

Frankie Lynnett McConnell
Prisoner No. 63672
DWCF
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/18/10 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk